O'BERG v. BANK OF SULPHUR SPRINGS.

Opinion delivered April 13, 1931.

*Rice & Dickson,* for appellant.

*Vol T. Lindsey,* for appellee.

HUMPHREYS, J. This suit was instituted in the chancery court of Benton County by appellee against W. T. Armstrong and Nina Armstrong to foreclose two past-due mortgages upon a certain forty-acre tract of land in said county, one for $1,100 of date February 14, 1929, and one for $200 of date March 19, 1929, executed by the Armstrongs to it, in which appellants were made parties defendant because they were asserting a lien thereon under a mortgage of date July 31, 1928, executed by the Armstrongs to them to secure the payment of the purchase money for said forty-acre tract. It was alleged

that appellants released their mortgage lien for the purchase money by the execution of a release deed to the Armstrongs on the 12th day of February, 1929.

Appellants filed an answer and cross-complaint denying that they had released the mortgage lien for the purchase money due them, and alleging that the release deed referred to in appellee's complaint was stolen from them by W. T. Armstrong and placed on record without their authority.

The cause was submitted to the court upon the pleadings and testimony adduced by the parties, resulting in a finding that appellee's mortgage liens were superior to appellant's mortgage lien on the said forty-acre tract, and a decree of foreclosure and order of sale to satisfy same, from which is this appeal.

The facts reflected by the record material to the issue involved on this appeal are as follows:

On July 31, 1928, appellant sold a forty-acre farm near Sulphur Springs in Benton County, Arkansas, to W. T. Armstrong and his wife Nina M. Armstrong, for $2,350 and took a mortgage thereon to secure the payment of the purchase money. On February 12, 1929, W. T. Armstrong prepared a mortgage to appellants on the 400-acre tract of land he owned in Oklahoma to secure said indebtedness and a release deed from appellants to him releasing their mortgage on the Benton County forty in Arkansas and proceeded to the home of appellants near Chelsea in Oklahoma for the purpose of exchanging the mortgage on the Oklahoma land for the release of the mortgage on the Arkansas land. Appellants agreed to the proposal if W. T. Armstrong would furnish an abstract showing good title to the Oklahoma land and would have the mortgage on the Oklahoma land recorded and mailed to them. In order to accomplish the purposes without delay, appellants went to Chelsea with the Armstrongs and executed a release deed to the Arkansas land. They then returned to appellants' home where appellants handed W. T. Armstrong a long

envelope containing the mortgage on the Arkansas land and the release deed they had executed for comparison of the land description to see that the release deed correctly described same. In making the inspection, Armstrong spread the original mortgage and the release deed out on the table with his other papers, and, when he returned the envelope, failed to inclose therein the original mortgage and release deed. Appellants put the envelope away thinking the original mortgage and release deed were in same for safe keeping until W. T. Armstrong should record and return the mortgage and abstract on the Oklahoma land. In looking for some other papers five or six days thereafter, appellants discovered that the original mortgage and release deed on the Arkansas land was not in the envelope. They wrote to the clerk of Benton County and ascertained that Armstrong had recorded the release deed to the Arkansas land, which he had stolen from them, and had mortgaged the land to appellee for $1,100. The mortgage to appellee was executed and filed on February 14, 1929. Appellants then went to see Armstrong, and he promised to get the mortgage on the Oklahoma land and send to them at an early date. On March 19, thereafter, the Armstrongs borrowed $200 additional from appellee and gave it a second mortgage on the Arkansas land to secure the payment of same. W. T. Armstrong never sent the mortgage and abstract to the Oklahoma property to appellants.

According to the facts thus stated, appellants voluntarily delivered the original mortgage to the land to W. T. Armstrong for comparison of the description contained therein. When the envelope containing them was handed back, appellants neglected to examine the contents thereof. Had they examined the contents, they would have discovered that the original mortgage and release deed had been retained or stolen by Armstrong. Their failure to make the examination placed it in the power of Armstrong to have the release deed recorded

and sell or mortgage same to a third party as unincumbered property.

This court is committed to the doctrine that "where two parties to a fraudulent transaction are equally innocent, and the loss must fall upon one, it should fall upon the one who, in law, most facilitated the fraud. *Cureton* v. *Farmers' State Bank*, 147 Ark. 312, 227 S. W. 423; *Mo. Pac. Ry. Co.* v. *M. M. Cohn Co.*, 164 Ark. 335, 261 S. W. 895. It is said by Mr. Jones in his work upon Mortgages, 7th Ed., vol. 2, p. 568, p. 967, that: "If the mortgagee is in any way responsible for the mortgage being released of record or if the release of record is produced through the neglect, incaution, credulity or misplaced confidence of the mortgagee, a different rule will govern in determining the equities between the mortgagee and one who has innocently dealt with the property in the belief that the mortgage is satisfied. In such case the mortgagee is estopped in equity from asserting the priority of his mortgage. Such is the case when the mortgagee has permitted the mortgagor to have the custody of the mortgage whereby the latter was enabled to produce it for cancellation on the record."

Appellants, by an act of negligence on their part, placed it within the power of Armstrong to dispose of the property to a third party under the belief that the mortgage was satisfied. They did this without compulsion, and their neglect in obtaining a return of the release deed brings the case clearly within the rule announced above.

No error appearing, the decree is affirmed.